UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GONZALEZ-PLASCENCIA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:12-CR-277 AWI DLB<br>(1:13-CV-1568 AWI)<br><br>ORDER ON PETITIONER'S MOTION TO VACATE<br><br>(Crim. Doc. No. 12) |

Petitioner Adam Gonzalez-Plascencia challenges his conviction through this petition to set aside or vacate under 28 U.S.C. § 2255.

*Background*

On September 24, 2012, Petitioner signed a plea agreement (the "Plea Agreement") in which he agreed to plead guilty to a violation of 8 U.S.C. § 1326, deported alien found in the United States. See Crim. Doc. No. 9. As part of the Plea Agreement, Petitioner agreed to waive his right to appeal and to file a § 2255 petition. See id. at ¶ 4(f).

On October 1, 2012, a hearing was held in which Petitioner pled guilty in accordance with the Plea Agreement. See Doc. No. 10. The Court accepted Petitioner's guilty plea and sentenced him to 30 months in custody. See id. Judgment and commitment were entered on October 3, 3012. See Doc. No. 11.

On September 27, 2013, Petitioner filed this petition and raises claims of ineffective assistance of counsel. See Doc. 12.

## § 2255 FRAMEWORK

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983).  A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements.  Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004)

## PETITIONER'S PETITION

*Petitioner's Allegations*

Petitioner alleges his counsel was deficient for failing to challenge the indictment under 8 U.S.C. § 1326(d) on the basis that his prior state conviction was not an "aggravated felony" and that Immigration Judge ("IJ") violated his due process rights as part of the deportation proceeding.  A conviction under California Health & Safety Code § 11378 is not categorically an "aggravated felony."  To determine whether the offense is an "aggravated offense" under the generic federal definition, courts may not look to the particular facts of the underlying conviction, but must limit its inquiry to the record of conviction.  Defense counsel made no analysis of the record of

conviction.  The § 11378 conviction is not an "illicit drug trafficking offense" because it does not contain an unlawful sale element.  The facts of the pre-sentence report showed that Petitioner committed a generic offense that hypothetically could have been a conviction for an aggravated felony.  However, "hypothetically" being convicted for an aggravated offense is not enough.  Petitioner entered a "no contest" plea and did not admit to any facts regarding methamphetamine.  Therefore, the § 11378 conviction could not have served as a basis for deportation.  The improper removal violated due process.  Further, the IJ failed to advise petitioner of discretionary relief, but instead misled petitioner by stating that he was ineligible for such relief.  This is a violation of due process.  Had counsel investigated and challenged the indictment based on the IJ's actions in the deportation proceedings and on the absence of an aggravated felony, the indictment would have been dismissed and Petitioner would have received no sentence at all.

*Legal Standard*

To establish ineffective assistance of counsel, a § 2255 petitioner must show:  (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the deficient performance prejudiced the petitioner.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir. 2005).  Courts must indulge in a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance, and that counsel exercised acceptable professional judgment in all significant decisions made.  See Strickland, 466 U.S. at 689; United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990).  To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Fredman, 390 F.3d at 1156.  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694; United States v. Leonti, 326 F.3d 1111, 1120 (9th Cir. 2003).

Despite a waiver of the right to appeal or file a collateral attack, claims of ineffective assistance of counsel that challenge the voluntariness of a plea may still be brought in a collateral proceeding.  See United States v. Brizan, 709 F.3d 864, 867 (9th Cir. 2013); Washington v.

Lambert, 422 F.3d 864, 871 (9th Cir. 2005); Jones v. United States, 167 F.3d 1142, 1145-46 (7th Cir. 1999); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996).  A "defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases."  United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2004); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988).  That is, the counsel's advice must be "so incorrect and so insufficient that it undermined [the defendant's] ability to make an intelligent decision about whether to accept the plea offer."  Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002).  For example, guilty pleas that are induced by misrepresentations, or by a "gross mischaracterization of the likely outcome" of the case, may be sufficient bases to show an unknowing or involuntary plea decision.  Jeronimo, 398 F.3d at 1155.

*Discussion*

Although the petition identifies two grounds for relief, Petitioner's arguments appear to boil down to one ground for relief:  defense counsel was ineffective for failing to challenge the deportation proceeding based on two violations of due process, the absence of an aggravated felony and being misled about discretionary relief.[1]  A defendant charged with violating 8 U.S.C. § 1326 "has a due process right to collaterally attack the underlying deportation order, because it serves as a predicate element of the crime for which he is charged."  United States v. Gonzalez-Villalobos, 724 F.3d 1125, 1129 (9th Cir. 2013).  However, "an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates" that:  (1) he "exhausted any administrative remedies that may have been available to seek relief against the order;" (2) "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;" and (3) that "the entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d); Gonzalez-Villalobos, 724 F.3d at 1129-30; United States v. Hinojosa-Perez, 206 F.3d 832, 835 (9th Cir. 2000).  Entry of a deportation order is "fundamentally unfair" if:  (1) the alien's due process rights were violated by defects in his deportation process; and (2) the alien

---

[1] The Court will assume that these deficiencies implicate the voluntary nature of the plea bargain to such a degree that Petitioner's waiver of the right to file a § 2255 petition would not apply.

4

suffered prejudice as a result. United States v. Valdavinos-Torres, 704 F.3d 679, 685 (9th Cir. 2013).

As applied here, in order for counsel's failure to challenge the indictment under § 1326(d) to be deficient and prejudicial, Petitioner must have been able to meet all of § 1326(d)'s requirements for challenging a deportation order. That is, at the time of the plea agreement, Petitioner must have been able to demonstrate exhaustion, deprivation of the opportunity for judicial review, and fundamental unfairness. See id. If Petitioner could not meet each of § 1326(d)'s requirements at the time of the plea agreement, then any challenge to the deportation order would have been precluded and futile, and counsel's performance (deficient or otherwise) would not have prejudiced Petitioner. The problem is that Petitioner makes no factual allegations that indicate he could have established all three of § 1326(d)'s requirements.[2]

Although Petitioner lists the requirements of § 1326(d), the closest Petitioner comes to alleging that he could meet the substance of § 1326(d)'s requirements is alleging that the IJ did not advise him about discretionary relief and misled Petitioner about the availability of discretionary relief that he was eligible for. Petitioner then cites *United States v. Andrade-Partida*, 110 F.Supp.2d 1260 (N.D. Cal. 2000). The discretionary relief discussed in *Andrade-Partida* related to possible relief under 8 U.S.C. 1182(c), which permitted the Attorney General to grant relief from deportation to certain aliens who had lawfully resided in the United States for seven years. See Andrade-Partida, 110 F.Supp.2d at 1263 & n.1. Further, Andrade-Partida had waived his appellate rights. See id. at 1262. The district court found that the failure to explain eligibility for relief under § 1182(c) and the waiver of appellate rights were sufficient to warrant relief under § 1326(d). See id. at 1271-72.

*Anrade-Partida* is not helpful to Petitioner. First, § 1182(c) was repealed prior to Petitioner's 2006 conviction and 2008 order of deportation. Thus, the discretionary relief at issue in *Andrade-Partida* has no application to Petitioner. Second, Petitioner does not allege that he waived his appellate rights to the deportation order. Third, Petitioner does not identify what discretionary relief he was eligible for, explain how he was eligible for such relief, or explain how

---

[2] The Court notes that there is not even a conclusory allegation that Petitioner met each of § 1326(d)'s requirements.

5

it was apparent to the IJ that Petitioner was eligible for the relief. An IJ's duty to inform an alien about eligibility for relief only arises once information is placed before the IJ that makes the alien's potential eligibility "apparent." See United State v. Vidal-Mendoza, 705 F.3d 1012, 1015, 1018 (9th Cir .2013); Moran-Enriquez v. INS, 884 F.2d 420, 422 (9th Cir. 1989). Without more from Petitioner, there is merely an insufficient conclusory allegation. Fourth, Petitioner does not explain what the IJ actually said or how the IJ may have misled him. Finally, no factual allegations suggest that Petitioner was prejudiced as a result of the IJ's actions.

In sum, Petitioner does not allege that he meets all of § 1326(d)'s requirements, nor has he made factual allegations that demonstrate he could have met all three of § 1326(d)'s requirements. Without allegations that demonstrate Petitioner could have met all three of § 1326(d)'s requirements at the time he accepted the plea bargain, the failure of defense counsel to challenge the indictment through § 1326(d) was neither deficient nor prejudicial. Because Petitioner's allegations fail to indicate deficient and prejudicial performance by defense counsel, Petitioner is not entitled to relief.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's 28 U.S.C. § 2255 petition is DENIED, and the Clerk shall CLOSE this matter.

IT IS SO ORDERED.

Dated:   March 9, 2015                         _____
                                                SENIOR DISTRICT JUDGE